UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOUSTON CLAY HAMILTON, JR                                                    PLAINTIFF

V.                         No. 3:21-CV-00179-DPM-JTR

SUSAN COX, Nurse,
Poinsette County Detentions Center, *et al*.                                 DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Houston Clay Hamilton, Jr. ("Hamilton"), a pretrial detainee in the Poinsett County Detention Center ("PCDC"), filed a *pro se* § 1983 Complaint (*Doc. 2*) and Supplement to his Complaint (*Doc. 5*) alleging the Defendant violated his

constitutional rights. Before Hamilton may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Hamilton alleges that in December 2020, while he was in the PCDC, he was prescribed medication for a staph infection he had on his hands. *Doc. 2 at 4*. Subsequently, in January 2021, Hamilton alleges that Defendant Nurse Susan Cox[2] ("Nurse Cox") accidentally gave him his father's blood pressure medication instead of his medication. *Id. & Doc. 5 at 1*.

According to Hamilton, Nurse Cox called him to her office, told him of the mix-up, said she did not know how it happened, but assured him that it would not happen again. *Id.* Hamilton alleges that he felt "really sick," after taking the wrong medication, but Nurse Cox denied his request to "go see a real doctor," telling him he would be alright. *Id.*

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] According to Hamilton, Defendant Susan Cox may also be known as Susan Duffel. *Doc. 2 at 2 & 4*.

Despite Nurse Cox's assurances, Hamilton alleges he was again given his father's medication the next day. *Id*. This time he felt even worse, but Nurse Cox denied his request to go to the hospital. *Doc. 2 at 4*.

### A. Hamilton's Inadequate Medical Care Claim Against Nurse Cox

Hamilton asserts that Nurse Cox provided constitutionally inadequate medical care by twice giving him the wrong medication and refusing his request to go to a doctor or the hospital. *Doc. 2 at 4-5; Doc. 5 at 1*. To plead a viable inadequate medical care claim against Nurse Cox, Hamilton must allege facts establishing that: (1) he had "objectively serious medical needs"; and (2) subjectively, Hamilton "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019).

Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although "[d]eliberate indifference may include intentionally denying or delaying access to medical care, or *intentionally* interfering with treatment or medication that has been prescribed,"[3] a showing of deliberate indifference must be greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

---

[3] *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (emphasis added); *see also Phillips v. Jasper County Jail*, 437 F.3d 791, 796 (8th Cir. 2006) ("fail[ing] to administer prescribed medication," *if done knowingly*, can establish deliberate indifference) (emphasis added).

Here, Hamilton has not alleged that Nurse Cox intentionally, deliberately, or knowingly gave him the wrong medication. *Docs. 2 & 5*. Rather, Hamilton's allegations that Nurse Cox twice gave him his father's blood pressure medication instead of his own constitutes negligence, or at most gross negligence, which is insufficient to state a viable deliberate indifference claim. *Gibson*, 433 F.3d at 646.

Further, Hamilton's claim that Nurse Cox refused to allow him to go to the hospital or see a doctor appears to be largely a difference of opinion about what treatment he should receive. Such a claim, however, does not amount to deliberate indifference. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("The prisoner must show more than negligence, more even than gross negligence, and the mere disagreement with treatment decisions does not rise to the level of a constitutional violation."); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) ("Significantly, while inmates have a right to adequate medical care, they have no right to receive a particular or requested course of treatment.") (internal quotations and citation omitted).

Accordingly, Hamilton's claims against Nurse Cox should be dismissed, without prejudice.

### B. Hamilton's Vague Claim Related to CO Younger Handing Out Medicine

Although unclear, in his Supplemental Complaint, Hamilton seems to allege that a correctional officer, ("CO Younger") handed out the medications on at least

4

one of the days he was given the wrong medication. *Doc. 5 at 1*. According to Hamilton, only Nurse Cox should have handed out medications because she was the only official trained to do so. *Id.*

This vague and threadbare allegation is insufficient to assert any constitutional claim against Hamilton or CO Younger—who was not named as a Defendant—as it fails to satisfy the pleading requirements set forth by the Court in *Iqbal*, 556 U.S. at 678 ("[L]abels and conclusions," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hamilton's inadequate medical care claims against Nurse Cox be DISMISSED, WITHOUT PREJUDICE, for failure to state a viable § 1983 claim.

2. Any alleged claim against CO Younger should also be DISMISSED, WITHOUT PREJUDICE, for failure to state a viable § 1983 claim.

DATED this 29th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE